Stephen D. Bell (S.D. #3488)
**DORSEY&WHITNEY LLP**
Millennium Building
125 Bank Street, Suite 600
Missoula, Montana 59802-4407
Tel: 406-721-6025
Fax: 406-543-0863
bell.steve@dorsey.com

Dan R. Larsen (*pro hac vice to be filed*)
**DORSEY & WHITNEY LLP**
111 South Main Street, 21st Floor
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
larsen.dan@dorsey.com

*Attorneys for Defendant Volkswagen Group of America, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF SOUTH DAKOTA, SOUTHERN DIVISION**

| | |
|---|---|
| ALLEN AND JENNIFER PICKARD<br><br>    Plaintiff,<br><br>vs.<br><br>VOLKSWAGEN GROUP OF AMERICA INC.,<br><br>    Defendant. | **NOTICE OF REMOVAL**<br><br>Case No.: 18-4107<br><br>Judge: |

Defendant Volkswagen Group of America Inc. (VWGoA), hereby removes this action from the Minnehaha County Circuit Court, State of South Dakota pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446. In support of its removal, defendant states as follows:

## STATEMENT OF JURISDICTION

1. This is a civil action for which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1332 and that may be removed to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446 for the reasons below.

## THE REMOVED ACTION

2. On July 30, 2018, defendant VWGoA was served with the attached Summons and Complaint captioned in the Circuit Court, Second Judicial Circuit, County of Minnehaha, State of South Dakota. *See* Summons and Notice of Service of Process, Exhibit A; Complaint, Exhibit B (including exhibits A through D attached to the Complaint).

3. To date, plaintiffs have not yet filed the Complaint in South Dakota state court.

4. Other than the documents attached as Exhibits, no pleadings, process, orders or other documents in the case have been served or otherwise received by VWGoA or, to VWGoA's knowledge, are presently on file in the state court. In the event that such filings come to VWGoA's attention, it will immediately file copies in this Court.

5. This action is based on allegations concerning the widely-publicized EPA Notices of Violation (NOVs), dated September 18, 2015, and November 2, 2015, alleging that VWGoA and certain of its affiliates installed emissions testing "defeat devices" in certain Volkswagen-branded diesel vehicles.

6. In the wake of issuance of the NOVs, owners and lessees of the affected diesel vehicles filed hundreds of actions in federal and state courts across the United States against VWGoA and others based on allegations regarding the use of undisclosed software in the emissions control systems of the affected diesel vehicles, which circumvented the emissions tests established by the federal EPA.

7. On December 8, 2015, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order transferring hundreds of then-pending actions raising common issues of fact to MDL No. 2672 before Judge Charles R. Breyer for coordinated or consolidated pre-trial proceedings. In its order, the JPML noted that "the actions in this litigation involve common questions of fact, and . . . centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." Subsequently filed actions making similar assertions have been filed—and routinely transferred to the MDL by the JPML.

8. To date, the MDL has overseen several class-wide settlements. This action relates to one of those settlements.

9. The relevant settlement agreement to this action states that the MDL shall retain exclusive jurisdiction over any dispute regarding the agreement. *See* Consumer Class Action Settlement Agreement and Release (Amended) ¶ 9.16, attached as Exhibit C (stating "The Court shall retain exclusive and continuing jurisdiction over all Parties, the Action, and this Class Action Agreement to resolve any dispute that may arise regarding this Class Action Agreement or in relation to this Action, including any dispute regarding validity, performance, interpretation, administration, enforcement, enforceability, or termination of the Class Action Agreement and no Party shall oppose the reopening and reinstatement of the Action on the MDL Court's active docket for the purposes of effecting this Section.").

10. The present state court lawsuit brings two claims on behalf of a putative class for breach of implied warranty of merchantability and breach of contract. Plaintiffs purport to bring this class action "on behalf of themselves and all persons owning a Volkswagen—eligible to participate in the 2.0-Liter Settlement Claims Program—who live in an area where the climate

has rendered the ." Complaint ¶ 5. While the Complaint does not finish this sentence, defendant understands that the sentence should end with the words "car inoperable." *See* Declaration of Dan R. Larsen, attached as Exhibit D.

11. The Complaint further alleges that after purchasing a 2012 Volkswagen Passat and 2013 Volkswagen Passat in early 2016, plaintiffs received offers of compensation as part of the "2.0-Liter Settlement Claims Program" (hereafter, "Program").

12. The offer letters, attached to the Complaint as exhibits, state that plaintiffs had two options under the Program. The first option allowed plaintiffs to receive an emissions modification and a cash settlement. *See* Exhibit A to the Complaint at 1–2; *see also* Exhibit B to the Complaint at 1–2. The second option provided that their vehicles would be bought back and that they would receive a cash settlement. *See* Exhibit A to the Complaint at 3; *see also* Exhibit B to the Complaint at 3.

13. Plaintiffs chose the first option, submitting a signed and notarized acceptance of the terms of the emissions modification for both their vehicles. *See* Exhibits C and D to the Complaint.

14. Though not alleged, plaintiffs apparently fulfilled their responsibility to take both vehicles to an authorized Volkswagen dealer to perform an approved emissions modification.

15. Plaintiffs allege that the emissions modifications have not been successful: both cars have "been in the custody of an authorized Volkswagen mechanic for months because the emission modification, pursuant to the Volkswagen agreement, has caused both vehicles to not start. Despite numerous attempts, no authorized Volkswagen mechanic has been able to correct the defects despite Defendant's warranty and settlement contract." Complaint ¶¶ 13–14.

16. Plaintiffs then allege that they attempted to trade in one of the cars, to choose the second option, but "were told that the value of the car was $0 because it has to be fixed first." *Id.* ¶ 15.

17. Plaintiffs pray for "an award to Plaintiffs and all class members of compensatory, general, and special damages in an amount which may be proven at trial, together with prejudgment interest at the maximum rate allowed by law." *Id.* at 4.  In the alternative, plaintiffs seek "a mandatory injunction requiring Volkswagen to specifically perform the terms of the Emissions Modification Offer." *Id.* at 5.  Plaintiffs also seek recovery of "reasonable attorney's fees, costs, and disbursements; and for such other and further relief as the Court deems appropriate in the circumstances." *Id.*

18. In their statement justifying class status, plaintiffs state that their claims are "typical of the claims of other members" of the putative class.  And they allege that although "the number of class members cannot be properly determined without further discovery," "the class has over 100 members and that the members' identities can be ascertained from Defendants' records." *Id.* ¶ 6a.

## PROCEDURAL ISSUES

19. VWGoA is filing this notice of removal within 30 days after service of summons upon VWGoA, rendering this notice timely. See 28 U.S.C. § 1446(b)(2)(B).

20. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division where the state court case would be pending when filed.  The Minnehaha County Circuit Court is located within the United States District Court for the District of South Dakota.

5

## **JURISDICTION IS PROPER UNDER § 1332**

21.     Defendant VWGoA is incorporated under the laws of the state of New Jersey and maintains its principal place of business in the state of Virginia. Accordingly, for jurisdictional purposes, VWGoA is a citizen of New Jersey and Virginia.

22.     As alleged in the Complaint, and on information and belief, the named plaintiffs are citizens of South Dakota. *See* Complaint ¶ 1.

23.     Therefore, diversity exists under 28 U.S.C. 1332(d)(2) because "any member of a class of plaintiffs is a citizen of a State different from any defendant."

24.     Although VWGoA denies that it is liable to Plaintiff in any amount, it is clear from the face of the Complaint that the amount in controversy in this action exceeds the jurisdictional minimum of $5,000,000.00, set forth in 28 U.S.C. § 1332(d)(2).

25.     In *In re Volkswagen "Clean Diesel" Mktg.*, 264 F. Supp. 3d 1040 (N. D. Cal. 2017) the MDL court stated that the relevant timeframe for eligible vehicles is from "approximately May 2006 to November 2015." *Id.* at 1042.

26.     Regarding the geographic scope of the alleged putative class, it is difficult to determine the "persons owning a Volkswagen--eligible to participate in the 2.0 Liter Settlement Claims Program--who live in an area where the climate has rendered the" cars inoperable. *See* Complaint ¶5. The Complaint is unclear regarding the climate effect on the efficacy of the approved emissions modification. Plaintiffs' decision to define the class by climate area, not state boundaries, suggests that the putative class includes persons with vehicles from states with a climate similar to South Dakota.

27.     According to the National Centers for Environmental Information, there are nine climate regions in the United States. *See* https://www.ncdc.noaa.gov/monitoring-

references/maps/us-climate-regions.php. A climate region consists of states with similar climates. South Dakota belongs to the Northern Rockies and Plains region, which is composed of Montana, North Dakota, South Dakota, Nebraska and Wyoming. *Id.* Additionally, South Dakota shares similarities to the climate of states located in the Upper Midwest climate region, which includes Minnesota, Wisconsin, Michigan, and Iowa. *Id.* There may, of course, be other states that share similar climate characteristics to South Dakota's climate (*e.g.*, Maine, Vermont, New Hampshire or New York). Given the broadly defined climate class, it is difficult to say whether the putative class would include persons living in these other defined climate regions. Accordingly, for jurisdictional purposes, VWGoA will confine the potential geographic scope to include those states within the Northern Rockies, Plains and Upper Midwest climate regions.

28. In those nine states[1] that share a climate similar to South Dakota's, there are (on information and belief) over 9,000 vehicles that could compose the putative class. The following table reflects the most up-to-date records of vehicles that participated in the program, either by choosing option one and receiving the emissions modification or by choosing option two and having their vehicle bought back:

| State | Emissions Mod. | Resale[2] | Total |
|---|---|---|---|
| Iowa | 488 | 254 | **742** |
| Michigan | 1,190 | 775 | **1,965** |
| Minnesota | 1,120 | 1,350 | **2,470** |
| Montana | 309 | 175 | **484** |
| Nebraska | 377 | 189 | **566** |
| North Dakota | 139 | 63 | **202** |
| South Dakota | 191 | 73 | **264** |
| Wisconsin | 1,272 | 1,245 | **2,517** |
| Wyoming | 52 | 19 | **71** |
| **Total** | **5,138** | **4,143** | **9,281** |

---

[1] Montana, North Dakota, South Dakota, Nebraska, Wyoming, Minnesota, Wisconsin, Michigan and Iowa.

[2] This column represents all vehicles that were bought back, received emissions modifications, and were then resold in each state.

29. Plaintiffs' vehicles currently have a typical listing price under Kelley Blue Book of $11, 282 for the 2012 model and $12,854 for the 2013 model. *See* Copy of Blue Book quote for each vehicle, attached as Exhibit E. Plaintiffs pray for compensatory damages, and allege that they are seeking vehicles of comparable value and quality. *See* Complaint ¶ 15. Conservatively, to account for the range of values, VWGoA assumes a value $10,000 per vehicle across the putative class. Therefore, on information and belief, the potential compensatory damages for the putative class would exceed $5,000,000 (9,281 vehicles x $10,000 = $92,810,000).

30. The required amount in controversy of $5,000,000 is met without including other potential damage claims.

31. Therefore, under 28 U.S.C. 1332(d)(2) the district court has original jurisdiction; the parties are diverse, and the amount in controversy has been met.

## JURISDICTION IS PROPER UNDER § 1331

32. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction exists over state law claims where, *inter alia*, "plaintiff's right to relief depends on the resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'r & Mfnr.*, 545 U.S. 308, 314 (2005) (explaining that a complaint alleging only violations of state law does not bar removal to federal court under federal question jurisdiction if "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may

8

entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.").

33. The Complaint alleges that the putative class encompasses all those "persons owning a Volkswagen—eligible to participate in the 2.0-Liter Settlement Claims Program—who live in an area where the climate has rendered the [cars inoperable]." As discussed above, plaintiffs' allegations encompass all eligible Program vehicles from at least nine states within a similar climate region.

34. The Complaint directly challenges the efficacy of the emissions modification Program, which was the product of the court-approved settlement agreement. Actual liability aside, the MDL court approved the Program as part of a coordinated and balanced effort to address concerns of owners who may be affected by any alleged issues with their emissions control systems *and* the concerns of federal regulatory agencies *vis a vis* the Clean Air Act and its related regulations. Any litigation challenging the adequacy of the Program in certain climate regions would require the court to decide—and effectively re-litigate—the federal questions addressed in the MDL actions, of which the Program is the product. In other words, signing a settlement agreement to participate in the Program does not confine plaintiffs' action to contract (*i.e.*, state) law. The Program is a creature born from, and intensely bound up in, federal law.

35. Indeed, the parties recognized that it was essential for the MDL to address any alleged deficiency in the terms of the settlement agreement. For that reason, they included in the court-approved settlement agreement that the MDL "shall retain exclusive and continuing jurisdiction over all Parties, the Action, and this Class Action Agreement to resolve any dispute that may arise regarding this Class Action Agreement or in relation to this Action, including *any* dispute regarding validity, performance, interpretation, administration, enforcement,

enforceability, or termination of the Class Action Agreement." *See* Exhibit C ¶ 9.16.

36. Thus, regardless of how plaintiffs may attempt to prove liability under state law, their damage theories hinge on the resolution of important federal issues. In particular, whether the subject vehicles (those participating in or that are *eligible* to participate in) can be effectively "fixed" in accordance with the emissions modification Program approved by the EPA and the negotiated class settlement adopted by the federal MDL court overseeing the coordinated and consolidated litigation.

37. Moreover, these questions are substantial and touch on a distinctly federal interest. A primary indicium of "interest to the federal system as a whole" is where "[d]etermination of the federal issues in this case could heal or injure [a] complex regulatory scheme" that has "the potential to affect many people" subject to its regulations. *Cty. of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d, 1028 (N.D. Cal. 2005); *see also EPA v. EME Homer City Generation, L.P.*, 134 S. Ct. at 1027–28 (focusing on the importance of the federal issue" (collecting cases)). Such a "complex federal regulatory scheme"—namely, the EPA's comprehensive regulation of motor-vehicle emissions—is at stake here. It is not difficult to envision the chaos that could result from different state courts reaching different conclusions about whether the affected vehicles should or should not be eligible for the emissions remediation or whether the terms of the settlement agreement affectively address the concerns of the EPA. And unlike their state-court counterparts, "federal courts are particularly familiar with the federal regulatory scheme" governing environmental compliance. *Bd. of Comm'rs of Se. La. Flood Prot. Auth.-E. v. Tenn. Gas Pipeline Co.*, 29 F. Supp. 3d 808, 863 (E.D. La. 2014). Thus there is a strong federal interest—and no countervailing state interest—in hosting this litigation.

38. This Court can exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as

to any state-law claims due to the presence of independent federal subject matter jurisdiction.

## **NOTICE TO ADVERSE PARTY AND STATE COURT**

39. Pursuant to 28 U.S.C. § 1446(d), VWGoA is serving written notification of the removal of this case on plaintiffs' counsel (identified below):

> Shawn M. Nichols
> Joseph A. Meader
> 200 East 10th Street, Suite 200
> Sioux Falls, SD 57104

40. Pursuant to 28 U.S.C. § 1446(d), VWGoA promptly will file a Notification of Removal, attaching a copy of this Notice of Removal, with the Clerk of the Minnehaha County Circuit Court, state of South Dakota.

## **CONCLUSION**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, VWGoA hereby removes this action from the Minnehaha County Circuit Court, state of South Dakota, to the United States District Court for the District of South Dakota.

DATED this 29th day of August, 2018

                                       Respectfully submitted,

                                       */s/ Stephen D. Bell*
                                       *Attorney for Volkswagen Group of America, Inc.*